UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYDREE JAMES CHILDREN OF THE SUN,<br>Plaintiff,<br>v.<br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br>Defendant. | CASE NO. C26-5942 BHS<br>ORDER |

THIS MATTER is before the Court on Magistrate Judge David Christel's Report and Recommendation (R&R), recommending that the Court dismiss pro se prisoner plaintiff Tydree James Children of the Sun's complaint without prejudice for failure to file a proper application for leave to proceed *in forma pauperis* or pay the filing fee, and for failure to take any action since the case was filed. Dkt. 3 at 1.

Tydree has not objected to the R&R, but he did file in response a form application to proceed *in forma pauperis*, Dkt. 5. It lists the plaintiff as "Albert James Reeves III," which is perhaps plaintiff's given name. The remainder of this Order will use the name Reeves.

Reeves asserts that he has no assets, but he includes a Department of Corrections PLRA status report showing an average spendable balance of $1286.85. Dkt. 5 at 4. In any event, the proposed complaint attached to Reeves' application to proceed *in forma pauperis* does not state a plausible claim, and he is not entitled to proceed *in forma pauperis*.

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Reeves purports to sue the Washington Department of Corrections for violating the Affordable Care Act and the Constitution because "he has been getting charged $4" for medical care. Dkt. 5-1 at 8–9. His request for court-appointed counsel asserts that, under these authorities, "citizens of the United States of America has [sic] free medical care." Dkt. 5-2 at 2. This assertion is not legally correct. Reeves seeks $100,000. *Id.*

Reeves has not articulated facts stating a plausible claim against the DOC. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Reeves did not timely file his application for leave to proceed *in forma pauperis*, and in any case, he has not identified a plausible constitutional or statutory violation arising from the fact that someone charged him $4 for medical care.

The R&R is ADOPTED. The case is DISMISSED without prejudice and without leave to amend. Reeve's proposed motion to appoint counsel, Dkt. 5-2, is DENIED as moot.

IT IS SO ORDERED.

Dated this 19th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge